IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY FRISBEE,

                Plaintiff,

v.                                                 Case No. 6:14-CV-1280

TITUS TRANSPORTATION, L.P.,

                Defendant.

**NOTICE OF REMOVAL**
**(From the District Court of Reno County, Kansas)**

COMES NOW the defendant, Titus Transportation ("Titus"), and pursuant to 28 U.S.C. § 1332, 1441, and 1446, hereby notices the removal of the above-referenced civil action from the Twenty-Seventh Judicial District, District Court of Reno County, Kansas, to the United States District Court for the District of Kansas. In support of this Notice of Removal, defendant Titus alleges and states as follows:

1. Plaintiff Gregory Frisbee is an individual and a resident of the State of Kansas. *See numerical paragraph 1 of the "Petition", a copy of which is attached hereto Exhibit No. 1.*

2. Defendant Titus is a foreign limited partnership organized and with its principal place of business in Texas. *See numerical paragraph 2 of the "Petition", a copy of which is attached hereto Exhibit No. 1; and see the "Periodic Report – Limited Partnership" filed in the Office of the Secretary of State of the State of Texas, a copy of which is attached hereto as Exhibit No. 2.*

3. On or about August 5, 2014, plaintiff filed a civil action against defendant Titus in the Twenty-Seventh Judicial District, District Court of Reno County, Kansas, entitled *Gregory Frisbee v. Titus Transportation, L.P.*, Case No. 2014 CV 255 (the "State Court Action").

4.	Thirty (30) days have not expired since the receipt by defendant, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

5.	Plaintiff's Petition filed in the State Court Action alleges that Titus breached its alleged duty to plaintiff to properly maintain certain trailers by allegedly creating an unreasonably dangerous condition, maintaining an unreasonably dangerous condition, failing to provide adequate protection from dangerous conditions, failing to provide adequate warning of the dangerous condition, and failing to take proper precautions to prevent injury. *See numerical paragraphs 8 through 9 of the "Petition", a copy of which is attached hereto Exhibit No. 1.*

6.	Plaintiffs seek damages in excess of $75,000.00, absent interest and costs; therefore, plaintiff's claim for damages meets the jurisdictional requirement of 28 U.S.C. § 1332(a). *See the non-numbered paragraph which follows numerical paragraph 13 of the "Petition", a copy of which is attached hereto Exhibit No. 1.*

7.	Based on the above facts and supporting law, this Court has original jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.	A demand for trial by jury was made in the State Court Action.

9.	This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) as follows:

	a.	As fully set out in numerical paragraphs 1-2, above, there is diversity of citizenship, in that Titus is an entity organized and maintaining its principal place of business in Texas, while plaintiff is a citizen of Kansas. As such, the parties are citizens of different states and not the same state.

Case 6:14-cv-01280-DDC-GLR   Document 1   Filed 08/27/14   Page 2 of 4

4.	Thirty (30) days have not expired since the receipt by defendant, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

5.	Plaintiff's Petition filed in the State Court Action alleges that Titus breached its alleged duty to plaintiff to properly maintain certain trailers by allegedly creating an unreasonably dangerous condition, maintaining an unreasonably dangerous condition, failing to provide adequate protection from dangerous conditions, failing to provide adequate warning of the dangerous condition, and failing to take proper precautions to prevent injury. *See numerical paragraphs 8 through 9 of the "Petition", a copy of which is attached hereto Exhibit No. 1.*

6.	Plaintiffs seek damages in excess of $75,000.00, absent interest and costs; therefore, plaintiff's claim for damages meets the jurisdictional requirement of 28 U.S.C. § 1332(a). *See the non-numbered paragraph which follows numerical paragraph 13 of the "Petition", a copy of which is attached hereto Exhibit No. 1.*

7.	Based on the above facts and supporting law, this Court has original jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.	A demand for trial by jury was made in the State Court Action.

9.	This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) as follows:

	a.	As fully set out in numerical paragraphs 1-2, above, there is diversity of citizenship, in that Titus is an entity organized and maintaining its principal place of business in Texas, while plaintiff is a citizen of Kansas. As such, the parties are citizens of different states and not the same state.

b. As fully set out in numerical paragraph 6, above, without admitting or acknowledging the validity, scope, or extent of plaintiff's claim, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

10. Pursuant to 28 U.S.C. § 1446(a) and D. Kan. Rule 81.1(c), promptly after filing this Notice of Removal, defendant is filing a copy of this Notice of Removal with the Twenty-Seventh Judicial District, District Court of Reno County, Kansas and providing notice of same to the plaintiff.

11. Defendant has requested the entire file from the Clerk of the Reno County District Court, and the same will be filed with this Court upon receipt.

WHEREFORE, defendant Titus prays that this Court order this cause removed from the Twenty-Seventh Judicial District, District Court of Reno County, Kansas, to the United States District Court for the District of Kansas, as provided by law, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted,

s/ Paul J. Skolaut
J. Philip Davidson, #14642
pdavidson@hinklaw.com
Paul J. Skolaut, KS #22143
jskolaut@hinklaw.com
HINKLE LAW FIRM LLC
301 N. Main, Suite 2000
Wichita, Kansas 67202
(316) 660-6205 – Direct Telephone
(316) 660-6220 – Direct Telephone
(316) 264-1556 – Fax
**Attorneys for Defendant**
**Titus Transportation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2014, a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was sent via United States mail, postage prepaid, addressed to:

> Melinda G. Young, #24309
> BRETZ & YOUNG
> 1227 North Main Street
> Hutchinson, Kansas 67504

the original being filed with the clerk of the court by using the CM/ECF system.

        s/ Paul J. Skolaut